

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00110-CR

EDDIE SAPIEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 69,806-E, Honorable Douglas Woodburn, Presiding

September 9, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Eddie Sapien, appellant, appeals his conviction for aggravated robbery. Appellant pled guilty without the benefit of a plea agreement. Testimony was heard by the trial court and punishment was assessed at eight years in prison. Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

informing him of counsel's belief that there was no reversible error and of appellant's right to file a *pro se* response. So too did he represent that the appellate record was provided to appellant. By letter dated July 22, 2015, this court also notified appellant of his right to file his own brief or response by August 21, 2015, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal which included 1) any error in the indictment and 2) the sufficiency of the evidence to support the conviction. However, he then explained why the issues lacked merit.

In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concurred with counsel's conclusions.

Accordingly, the motion to withdraw is granted and the judgment is affirmed.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.